IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13cv790-TFM |
| ) | (WO) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. PROCEDURAL HISTORY**

The plaintiff, Patrick Moore ("Moore"), applied for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, on December 7, 2010, alleging that he is unable to work because of a disability. Moore's application was denied at the initial administrative level. Moore then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ determined that Moore is not disabled. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The parties have consented to the undersigned United States Magistrate Judge rendering a final judgment in this lawsuit. The court has jurisdiction over this lawsuit under

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. §§ 405(g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Title 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. INTRODUCTION

**A. The Commissioner's Decision**

Moore was 22 years old at the time of the hearing before the ALJ and has completed the tenth grade. (R. 51-52). Moore alleges that he became disabled on December 7, 2010,

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

due to mental retardation, a learning disorder, functional illiteracy, developmental delays, and back and shoulder pain. (R. 50, 57-58). After the hearing, the ALJ found that Moore suffers from mild mental retardation. (R. 28). The ALJ found that Moore has no past relevant work. (R. 39-40). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Moore could perform, including work as a packager, kitchen helper, and garment folder. (R. 41). Accordingly, the ALJ concluded that Moore is not disabled. *Id*.

### III.  ISSUES

The plaintiff presents the following issues for this court's review:

(1) The Commissioner's decision should be reversed because the ALJ erred in failing to determine that Moore's mild mental retardation meets Listing 12.05C.

(2) The Commissioner's decision should be reversed because the ALJ erred in finding that Moore failed to suffer from an additional medically severe mental impairment or combination thereof.

(Doc. # 14, Pl's Br., p. 4).

### IV.  DISCUSSION

Moore argues that the ALJ erred as a matter of law by failing to properly consider whether he has a valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Specifically, he argues that the ALJ failed to consider his mild mental retardation in combination with his functional illiteracy, developmental delays, and

4

adjustment disorder when determining he does not meet the requirements of Listing 12.05C.

### A. Mental Health Records

On February 17, 2006, Dr. Mary Arnold, a consultative psychologist, conducted a mental health evaluation of Moore. (R. 231). Dr. Arnold noted that Moore lives with his grandparents and that his grandmother appeared to be impoverished, participates in speech therapy, and had several developmental delays, including potty training at five years of age, that Moore had attended special education classes since sixth grade. *Id*. She also found that Moore's teeth are tarnished and "his top teeth are concave, which creates a malocclusion," and that his general demeanor is "naive." (R. 232).

During the evaluation, Moore took the Weschler Adult Intelligence Scale, Third Edition ("WAIS-III"). On the WAIS-III, he achieved a verbal index score of 71, a perceptual reasoning index score of 74, and a full scale IQ score of 70. (R. 233). Dr. Arnold found that Moore's full scale IQ score falls within the mild range of mental retardation and that the results of testing are considered to be a valid estimate of his current level of functioning. *Id*. Dr. Arnold concluded that Moore's "life style is consistent with [his] estimated ability," that he "requires supervision," and that his WAIS-III scores are "at the low cutoff for the borderline range." *Id*. Her diagnostic impression is as follows:

```
DSM-IV    Axis I:     Adjustment Disorder, NOS
          Axis II:    Mild mental retardation
                      Functionally illiterate
                      Developmental Delay
          Axis III:   Dental malocclusion
          Axis IV:    Socially naive
```

     Axis V:  GAF (current) = 50

(R. 234).

  On January 31, 2011, Dr. Dimtcho V. Popov, a general internist, conducted a consultative evaluation. (R. 249). Dr. Popov noted that Moore complained of back pain, slurred speech, and difficulty concentrating. (R. 250). He diagnosed Moore as suffering from unspecified back pain and specific delays in development. (R. 252). Dr. Popov also found that Moore has "never [been] seen by neurology and it is not clear what type of work up he had done" and that he "is not followed up by a PMD." *Id.*

  On February 1, 2011, Dr. Robert Estock, a non-examining psychiatrist, reviewed Moore's school records and Dr. Arnold's opinion from 2006. (R. 273). Dr. Estock completed a mental residual functional capacity assessment in which he found that Moore can understand and remember simple instructions; can tolerate ordinary work pressures but should avoid quick decision making, rapid changes, and multiple demands; would benefit form regular rest breaks and a slowed pace but will still be able to maintain a work pace consistent with the mental demands of competitive level work; contact with the public should be casual; and can adapt to infrequent, well explained changes. (R. 259). Despite these findings, however, Dr. Estock also noted that an "RFC is needed." (R. 273).

  **B. Listing 12.05C**

  Section 12.05 of the Listing of Impairments define mental retardation as "significantly sub-average general intellectual functioning with deficits in adaptive behavior initially

6

manifested during the developmental period; *i.e.* the evidence demonstrates or supports onset of impairment before age 22." *See* 20 C.F.R. Subpt P, App. 1, Listing 12.05(c). In addition to this requirement, the Listings provide, in pertinent part, that a claimant is disabled if he meets the following criteria:

> § 12.05. Mental Retardation . . . The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . .
>
> C. A valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function.

Consequently, a claimant meets the strictures of 12.05C by presenting evidence of (1) a sub-average general intellectual functioning initially manifested prior to age twenty-two; (2) valid IQ score of 60 to 70 inclusive; and (3) evidence of an additional mental or physical impairment that has more than a "minimal effect" on the claimant's ability to perform basic work activities. *Lowery v. Sullivan*, 979 F.2d 835 (11th Cir. 1992); *Edwards v. Heckler*, 755 F.2d 1513, 1517 (11th Cir. 1985).

In his analysis, the ALJ recognized that Moore was diagnosed as suffering from mild mental retardation before the age of twenty-two and has a valid full-scale IQ score of 70. (R. 32). The ALJ, however, found that Moore does not meet the Listing because "the record does not contain evidence of a physical or mental impairment imposing additional and significant work-related limitation of function." (R. 33). Moore argues that the ALJ's determination is not supported by the evidence because the ALJ failed to consider his learning disability, developmental delays, and adjustment disorder in combination when

determining he does not have a mental impairment which imposes an additional and significant work-related functional limitation. The Commissioner asserts that functional illiteracy and developmental delays are manifestations of mild mental retardation and are not separate mental impairments.

The problem with the ALJ's decision is that the ALJ did not consider Dr. Arnold's assessment that Moore suffers from an adjustment disorder when discussing Listing 12.05C. The ALJ is not free to simply ignore medical evidence, nor may he pick and choose between the records selecting those portions which support his ultimate conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).

In addition, this court is unable to determine whether the ALJ's opinion that Moore does not meet Listing 12.05C is supported by substantial evidence because the ALJ failed to develop the record concerning the extent of Moore's mental health impairments. Notwithstanding evidence in the record indicating Moore suffers from slurred speech and difficulty concentrating, has never received an examination by a neurologist or undergone neurological testing, has participated in special education classes, and has not received a psychological evaluation since 2006,[5] the ALJ took no steps to explore the severity of

---

[5] The medical records indicate that Moore has never worked and that his family is impoverished. On remand, the court recommends that the ALJ consider Moore's inability to afford medical treatment. While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this Circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment. *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988).

Moore's condition by securing additional testing by a mental health specialist. Without further developing the record, the ALJ relied on the opinion of a non-examining state consultative psychiatrist, Dr. Estock, to conclude that Moore does not meet Listing 12.05C. The record, however, indicates Dr. Estock recommended that an additional mental residual functional assessment should be completed. It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988); *Freel v. Astrue*, 2012 WL 628463, *6 (M.D. Fla. 2012) ("The ALJ is not required to order a consultative examination or additional testing unless the record shows that such an examination is necessary for the ALJ to render a decision.").[6] Consequently, on remand, the ALJ shall consider whether ordering additional psychological testing and/or an assessment by a mental health specialist would assist him in determining Moore's disability status.

"Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty

---

[6] Moore complains of back pain throughout the record. (R. 60, 69, 181, 252, 276, 289, 295). The court recognizes that an x-ray conducted on January 5, 2011, indicates no abnormalities. (R. 252, 291). However, on January 31, 2011, Dr. Popov diagnosed Moore as suffering from unspecified back pain, specifically noting that "pain meds ... do not help much." (R. 252). On remand, the court suggests that the ALJ consider whether ordering additional testing regarding the source of Moore's back pain would assist him in determining whether the combination of his mental and physical impairments have more than a minimal effect on his ability to perform basic work activities.

> of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. *Id*. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner." 20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings.

## VI. CONCLUSION

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 23rd day of September, 2014.

                                         /s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES MAGISTRATE JUDGE